[847 NYS2d 216]

In the Matter of Thomas A. Bruno (Admitted as Thomas Arthur Bruno, Jr.), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, December 4, 2007

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Albert V. Bianchi*, Hauppauge, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated August 2, 2005, containing two counts of professional misconduct. After preliminary conferences on October 20, 2005, and May 24, 2006, and a plenary hearing conducted on August 11, 2006, October 11, 2006, October 12, 2006, October 13, 2006, December 11, 2006, and December 12, 2006, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has submitted an affirmation in opposition to the Grievance Committee's motion to confirm in which he asserts that he does not oppose that motion but submits his affirmation in mitigation of any action or discipline that may be imposed as a result of the decision of the Special Referee.

Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice by providing inaccurate and evasive responses to discovery requests and/or failing to disclose information, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent represented the husband in a matrimonial action entitled *Carol Sigurdson v Vincent Sigurdson,* pending in the Supreme Court, Suffolk County, under Index No. 00532/01. The wife was represented by Bridget J. Tartaglia.

Ms. Tartaglia served the respondent with a first set of interrogatories and notice of discovery and inspection in or about May 2001. These contained requests for copies of documents and records pertaining to money received by Mr. Sigurdson with respect to his business from all sources, including financial statements, list of assets, annual gross revenue, distribution of any profits, as well as copies of financial records showing money paid to and/or received by him from any business.

In his reply, the respondent stated that Mr. Sigurdson's business "went under" for lack of contracts and work. He failed to

provide any requested business documents, claiming that the corporate records were already in possession of the wife inasmuch as the marital residence was the former place of business.

After the commencement of trial, Ms. Tartaglia claimed to have recently ascertained that the husband had received in excess of $105,000 in accounts receivable subsequent to the commencement of the divorce action and that those funds were received as checks payable to the respondent, as attorney for the husband's business. That information was allegedly never disclosed during discovery.*

On or about October 7, 2002, Ms. Tartaglia moved to strike the husband's answer or preclude him from offering any evidence concerning his finances, disqualify the respondent from representing the husband due to a conflict of interest in representing both the husband and the corporation believed to be a marital asset, and impose sanctions against the husband and the respondent.

By order dated November 22, 2002, Justice Bivona found that the husband's responses to the wife's demand for interrogatories and notice for discovery and inspection were inaccurate and evasive and that both the husband and the respondent knew of the existence of certain CVS business records concerning, at least, the admitted "collection efforts" and "winding up" of the business, and failed to comply with clear requests for disclosure of same. The court found the husband's failure to disclose information concerning the requested receipts of the corporation to be willful and contumacious and precluded him from offering any evidence at trial concerning his finances. The court denied that branch of the motion which sought the imposition of sanctions and awarded an attorney's fee in the sum of $5,000 to Ms. Tartaglia.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by providing inaccurate and evasive responses to discovery requests and/or failing to disclose information, in violation of Code of Profes-

---

* By stipulation dated October 17, 2005, the parties agreed that the facts contained in the petition are not in dispute, with the following amendments: the $105,000 in accounts receivable was received by CVS Construction Co., Inc. (hereinafter CVS), payable to the respondent as attorney for that corporation. Moreover, the respondent claims that the information was never clearly requested and that he, who had represented the corporation in collection and defense matters, disclosed this information to Ms. Tartaglia and her client.

sional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications set forth in charge one.

Based on the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the following factors in mitigation of any discipline to be imposed: the stress experienced in representing his client throughout a contentious matrimonial litigation and numerous civil suits relating to the client's corporate and business dealings, including defending him in a lawsuit for $2,000,000 in the Supreme Court, Nassau County; the respondent's emergency hospitalization in August 2000 for an aortic aneurysm with mild emphysema; his insistence that his client was not conducting any business at the time his responses to the discovery requests were made; his denial of any knowledge of the $200,000 in accounts receivable supposedly collected by his client; his good faith belief that all of the answers he submitted were accurate and truthful when made; complications arising from the fact that pertinent records were located at the marital premises and were, at all times, within the possession of his adversary and her client; and the fact that Justice Bivona did not refer to his actions as willful and contumacious and did not impose monetary sanctions upon him. The respondent indicated that he has relocated to Texas for health and family reasons and does not expect to return to New York. The business address at which he is registered with the Office of Court Administration is a post office box in Coppell, Texas. He has completely wound down his matrimonial practice and will no longer practice matrimonial law in New York or elsewhere. The respondent has not applied for admission to the Texas bar. He currently supports himself and his new wife by consulting for numerous churches and not-for-profit corporations with respect to corporate, organizational and spiritual matters. The respondent has submitted letters attesting to his character, service, and integrity from Rabbi Ron Corbett, Pastor David Minor, Jr., and Kenneth S. Lieberman.

The respondent concedes that he made an error in judgment by failing to disclose his collection of the $105,000 from Signs and Decals "despite the fact that the questions posed were not at all clear."

The Grievance Committee indicates that the respondent's disciplinary history is quite extensive. By order dated February 3, 1981, the Appellate Division of the Supreme Court, First

Judicial Department, directed his indefinite suspension based upon his incapacity to practice law due to a mental disability. The respondent was the subject of four complaints. However, his treating psychologist rendered the opinion that the respondent's professional problems were the direct result of his emotional disturbance and recommended suspension inasmuch as the respondent was unable to function as an attorney at that time. The respondent concurred in that determination. He was reinstated by the First Judicial Department by order dated October 9, 1986. The respondent thereafter moved within the jurisdiction of the Grievance Committee for the Tenth Judicial District. He was issued four letters of caution between October 19, 1991 and May 23, 2003, for failing to reregister; lack of diligence in completing matters entrusted to him and in responding to reasonable client requests for information or for specific action to be taken on their behalf; failing to attend to client matters in a prompt, professional fashion and neglecting his obligation to do so; and for failing to cooperate with the legitimate investigations of the Grievance Committee for the Tenth Judicial District.

The respondent was also issued three letters of admonition, dated May 23, 2003, for: (1) failing to cooperate with both the Suffolk County Matrimonial Fee Arbitration Panel and the Grievance Committee for the Tenth Judicial District, (2) failing to promptly refund an unearned fee and failing to cooperate with both the Suffolk County Matrimonial Fee Arbitration Panel and the Grievance Committee for the Tenth Judicial District, and (3) failing to communicate with the complainant and to provide her with a status update and, again, failing to cooperate with the Grievance Committee. Most recently, the respondent was issued a letter of caution on January 5, 2005, for failure to register.

While the wife's settlement allegedly was not unduly jeopardized by the respondent's failure to properly disclose, the respondent's conduct delayed the proceeding and should not be condoned. The respondent's move to Texas does not absolve him from liability for professional misconduct committed while he was practicing law in New York.

In view of the mitigation advanced as well as the respondent's prior disciplinary history, the respondent is suspended from the practice of law for two years.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Thomas A. Bruno, admitted as Thomas Arthur Bruno, Jr., is suspended from the practice of law for a period of two years, commencing January 4, 2008, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Thomas A. Bruno, admitted as Thomas Arthur Bruno, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Thomas A. Bruno, admitted as Thomas Arthur Bruno, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).